IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIBSON MARINA, INC. d/b/a WOODLAND MARINA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.<br>) |
| KELLY BOLAND, VIRGINIA BRAZILL, MICHAEL CANTILLON, MINDY CANTILLON, TIMOTHY CHECKETT, PATRICIA COSTA, TOM COSTA, GRANT CZAPLA, CHELSEA DEICHMAN, RICHARD DENNING, JAMES DILLENDER, GREGG EDWARDS, TANNER EISENBATH, RICHARD FISCHER, RONALD FRANCOIS, JOHN FRATTINI, STEVEN FUHRMAN, CHRIS GOLTERMAN, JEFFREY GUMM, LAUREN GUMM, ANGELA HEDGES, HENRY HEDGES, ALBERT STEVEN HOLDERER, JASON HOROWITZ, RUSSELL IMBODEN,  HOWARD KLINE, JAMES KLINE, DAVID KOEPKE, DEBBIE KOEPKE, STEPHEN McGAHAN, DENISE McGAHAN, KYLE MONTAIGNE, JEFFREY MOORE, PHILLIP NICOLAY, DIANE PACE, HOANGFONG PHAM, BROOKE PIERSON, WILLIAM PIERSON, DAVID POWERS, MICHAEL REIDY, TONY RIPPETO, DANE ROOD, DALE ROTH, JANET ROTH, KEVIN SCHABERG, MARK SMITH, DAMON SNOW, SEAN STANCLIFF, PEGGY STOCKSICK, JOHN SWARTSTROM, STEVEN UNTNEKER, BRIDGET VAN SCOYK, RANDALL VAN SCOYK, MICHAEL VAUGHN, ROGER WALKENHORST, TIM WALKENHORST, MIKE WENDLING, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| MARK WIEGMAN, and GREGORY WINTER, | ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Gibson Marina, Inc. d/b/a Woodland Marina ("Marina") files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) stating as follows:

## NATURE OF THE ACTION

1. This is a maritime contract action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 and 2202) and Rule 57 of the Federal Rules of Civil Procedure. Marina seeks a determination of the parties' rights and obligations under the Boat/Trailer Space Rental Agreement ("Agreement") entered into by Marina and the Defendants identified below (the "Defendants").

2. In particular, Marina seeks a declaration that under the terms of the Agreement, Marina is not liable for any loss of or damage to defendants' vessels resulting from a fire at the Marina on October 7, 2020 (the "Incident").

3. The Agreement includes provisions that require each defendant to obtain property insurance for his/her vessel and precludes any claim against the Marina for any and all liability from loss, injury, or damages to persons or property sustained while in or on the facilities of the Marina, including damages from fire.  *See* exemplar contract attached hereto as Exhibit 1 with personal information redacted.  Defendants' boats were damaged while in the facilities of the Marina on October 7, 2020, from a fire and thus Marina bears no responsibility for any damages to defendants.

**PARTIES**

4.	Plaintiff Marina is a vessel storage and servicing company organized and existing pursuant to the laws of Missouri, with its principal place of business on and alongside of the Mississippi River in St. Charles County, Missouri.

5.	Defendants' vessels were stored in a facility at the Marina commonly known as the rack storage facility. When a defendant wanted to use his/her vessel, he or she would call ahead and the Marina would use one of two marine forklifts to remove the vessel from its rack in the rack storage facility and place the vessel into the Mississippi River adjacent to the rack storage facility. When defendant was finished using his or her vessel, it would be returned to its rack in the rack storage facility by the marine forklift.

6.	On information and belief, each of the following defendants owned a vessel in the Marina's rack storage building at the time of the fire: Kelly Boland; Virginia Brazill; Michael and Mindy Cantillon; Timothy Checkett; Patricia and Tom Costa; Grant Czapla; Chelsea Deichman; Richard Denning; James Dillender; Gregg Edwards; Tanner Eisenbath; Richard Fischer; Ronald Francois; John Frattini; Steven Fuhrman; Chris Golterman; Lauren and Jeffrey Gumm; Henry and Angela Hedges; Albert Steven Holderer; Jason Horowitz; Russell Imboden; James and Howard Kline; Debbie and David Koepke; Stephen and Denise McGahan; Kyle Montaigne; Jeffrey Moore; Phillip Nicolay; Diane Pace; Hoangfong Pham; William and Brooke Pierson; David Powers; Michael Reidy; Tony Rippeto; Dane Rood; Dale and Janet Roth; Kevin Schaberg; Mark Smith; Damon Snow; Sean Stancliff; Peggy Stocksick; John Swartstrom; Steven Untneker; Randall and Bridget Van Scoyk; Michael Vaughn; Roger and Tim Walkenhorst; Mike Wendling; Mark Wiegman; and Gregory Winter.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to its original jurisdiction over any civil case of admiralty or maritime jurisdiction pursuant to 28 U.S.C.A. § 1333 because the subject matter of the Agreement is maritime in nature rendering the Agreement a maritime contract.

8. This Court has general personal jurisdiction over the Defendants because they are residents of Missouri; this lawsuit arises out of a contract that Defendants made in the State of Missouri; and/or this lawsuit arises out of Defendants' transaction of business in the State of Missouri.

9. Each of the following Defendants has asserted a claim against Marina for damage to his or her boat:  Boland; Costa; Czapla; Deichman; Edwards; Eisenbath; Fischer; Holderer; Imboden; Moore; Pham; Pierson; Reidy; Roth; Smith; Untneker; and Walkenhorst.

10. Based on the circumstances of this case as a whole, Marina reasonably anticipates that the remaining Defendants will also assert claims against Marina.

11. Because an actual controversy exists between Plaintiff and the Defendants, this Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §2201(a).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because the Defendants are residents of a county within this district, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred within this district.

## FACTUAL BACKGROUND

13. Prior to October 7, 2020, each of the Defendants entered into a Boat/Trailer Space Rental Agreement with the Marina for rack storage of their vessel.

14. Condition No. 2 of the Agreement states as follows:

INSURANCE.  TENANT AGREES that he will keep the BOAT fully insured at all times with COMPLETE MARINE INSURANCE, including hull & motor coverage, casualty and indemnity and boater's liability insurance.

THE MARINA DOES NOT PROVIDE INSURANCE covering the property of the TENANT.  THE MARINA WILL NOT BE RESPONSIBLE for any personal injuries or property damage resulting, caused by, or growing out of the use of dock or harbor facilities. The TENANT RELEASES AND DISCHARGES THE MARINA from any and all liability from loss, injury (including death), or damages to persons or property sustained while in or on the facilities of the MARINA, including damages from fire, theft, vandalism, windstorms, high or low waters, hail, rain, ice, collision or accident, or any other Act of God, whether said BOAT is being parked or hauled by an agent of MARINA or not.

15. On October 7, 2020, Defendant Pham's vessel's bilge pump float switch was being replaced by an employee of the Marina inside the rack storage building when a fire originated from the area of the vessel and spread to the surrounding structure and contents of the rack storage building.  On information and belief, the Defendants' vessels were damaged or destroyed by the fire.

### Declaratory Judgment: Marina Is Not Liable For Any Damages To Defendants' Vessels Related To The October 7, 2020, Fire Pursuant To The Agreement.

16. Marina repeats and realleges each and every allegation set forth in paragraphs 1 through 15.

17. Marina has already been put on notice from numerous defendants that they will seek recovery from Marina.  Because the October 7, 2020, fire originated from Defendant Pham's vessel while Marina's employee was working on the vessel, Marina has reason and a good faith basis to believe that it will face allegations of liability from the remaining Defendants as well.

18. The Agreements pertain to the storage of vessels that were not removed from navigation in a navigable waterway of the United States. The Agreements are maritime contracts subject to this Court's interpretation under federal admiralty and maritime jurisprudence.

19. The Agreements were in effect at the time of the fire that damaged or destroyed the Defendants' vessels.

20. By executing the Agreement, Defendants released Marina from any and all liability "from loss, injury (including death), or damages to persons or property sustained while in or on the facilities of the MARINA, including damages from fire…"

21. Defendants' vessels were damaged or destroyed by a fire while in or on the facilities of Marina.

22. Although Marina denies that it committed any negligent act to cause the October 7, 2020, fire, under maritime law, the Agreement unambiguously released Marina from any liability for damage or destruction of Defendants' vessels, including any liability stemming from Marina's own negligence.

23. To the extent that any allegedly negligent act, error or omission of Marina caused the October 7, 2020, fire that damaged or destroyed Defendant' vessels, the Marina has no liability and owes no damages to Defendants pursuant to the Agreement.

24. Accordingly, Marina owes no damages to Defendants related to the damage or destruction of their vessels on October 7, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Marina prays that this Court enter a declaration and judgment in its favor finding that:

(a) The Agreement is a maritime contract, subject to interpretation under federal maritime law;

(b) Marina owes no damages to Defendants for damage or destruction of Pham's vessel because the Agreement released Marina from any liability for the loss or damage to Pham's vessel while the vessel was in Marina's facility, including liability stemming from Marina's own negligence; and

Such additional declaratory and other relief as this Court deems just and proper.

/s/  Theodore H. Lucas
Theodore H. Lucas, #38740MO
Stanislav Levchinsky, #63030MO
FOX SMITH, LLC
One S. Memorial Drive, 12th Floor
St. Louis, Missouri  63102
(314) 588-7000
(314) 588-1965 (Fax)
tlucas@foxsmithlaw.com
slevchinsky@foxsmithlaw.com

Attorneys for Plaintiff