UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIBSON MARINA, INC., <br> d/b/a Woodland Marina, <br><br> Plaintiff, <br><br> vs. <br><br> KELLY BOLAND, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:20 CV 1576 RWS <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

On October 7, 2020, a fire occurred in a boat storage facility owned and operated by Plaintiff Gibson Marina, Inc., d/b/a Woodland Marina. The fire started in a boat being repaired in the facility and spread to other boats in the facility. Woodland filed this complaint seeking a declaratory judgment against Defendants who are the owners of the boats damaged or destroyed in the fire. Specifically, Woodland asserts that, under a Boat/Trailer Space Rental Agreement (the "Agreement") entered into between Woodland and Defendants, Woodland is not liable for any loss or damages to Defendants' boats resulting from the fire.

In a tangential issue, Woodland filed a motion to disqualify attorney Michael Stokes from representing any Defendants in this matter based on his contacts with Woodland employee Wayne Barrett. Barrett is a forklift operator at Woodland and was present at the facility at the time of the fire. Barrett aided in attempting to put out the initial fire in the boat under repair before it spread to other boats.

Stokes represents several Defendants in this matter including his sister-in-law Barbara Wendling.  Several weeks after the fire Barrett called Wendling whom he had known for many years.  She had also lost a boat in the fire.  Barrett knew that Stokes was Wendling's attorney as well as her brother-in-law.  Barrett had questions about his own potential personal liability concerning the fire and he asked Wendling for Stokes' phone number.  Barrett called Stokes and told Stokes that he had nothing to do with the fire.  Stokes provided Barrett with legal advice based on the facts relayed to Stokes by Barrett and Wendling.  Barrett ultimately retained Stokes as counsel to represent him in his own claims against Woodland including a workers' compensation claim, a personal property claim (Barrett lost his own boat in the fire), and a real property claim (Barrett claims his house and land next to Woodland was covered with fiberglass ash and possibly asbestos from the burning boats).  Barrett and Woodland have already reached a settlement for the loss of Barrett's boat.

Woodland's motion to disqualify Stokes from representing any of Defendants in this matter stems from Stokes' initial contacts with Barrett.  Woodland asserts that Stokes should be disqualified for violations of Missouri Supreme Court Rules 4-1.9 and 4-1.7.  In addition, Woodland alleges that Stokes should be sanctioned for violating Rule 4-4.2.

Woodland's disqualification motion, whether substantiated or not, is not relevant to the matter before me.  Woodland's complaint seeks a declaration that,

2

under the terms of the Agreement, Woodland is not liable for any loss or damage to Defendants' vessels resulting from the fire. The sole issue in the case is one of contract construction. Barrett's action or inaction relevant to the fire, as disclosed in the papers in the case and the documents submitted to me by Woodland for *in camera* review, will not change the analysis of issue to be resolved in the case. Moreover, Barrett is not a Defendant in this action and the loss of his boat has already been resolved by Woodland. Consequently, Woodland's motion is not relevant to Stokes' representation of Defendants in this action. As a result, I will deny Woodland's motion to disqualify and/or sanction Stokes without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Gibson Marina, Inc.'s motion for disqualification and/or sanctions [63] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23nd day of February, 2021.