UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIBSON MARINA, INC., <br> d/b/a Woodland Marina, <br> <br> Plaintiff, <br> <br> vs. <br> <br> KELLY BOLAND, et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:20 CV 1576 RWS <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

On October 7, 2020, a fire occurred in a boat storage facility owned and operated by Plaintiff Gibson Marina, Inc., d/b/a Woodland Marina. The fire started in a boat being repaired in the facility and spread to other boats in the facility. Woodland filed this complaint seeking a declaratory judgment against Defendants who are the owners of the boats damaged or destroyed in the fire. Specifically, Woodland asserts that, under a Boat/Trailer Space Rental Agreement (the "Agreement") entered into between Woodland and Defendants, Woodland is not liable for any loss or damages to Defendants' boats resulting from the fire.

Defendant Richard Fischer's boat was damaged / lost in the fire. Fischer filed a motion to dismiss the complaint asserting that the storage agreement he entered into with Woodland had expired on September 8, 2020, before the fire occurred. Woodland opposes the motion arguing that the terms of the storage agreement remained in force based on an "implied-in-fact" contract. In his reply brief, Fischer

filed an affidavit in which he asserts that he intended to remove his boat from the facility on September 8th but that his boat remained at the facility at Woodland's request to allow Woodland to repair damage it's employees caused to the boat.

Although Fischer does not explicitly identify the legal rule upon which his motion to dismiss relies it appears that his motion is based on Fed. R. Civ. P. 12(b)(6) for a failure to state a claim upon which relief can be granted.  When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level.  Id. at 555.  A pleading that merely asserts conclusory statements and "naked assertions" that are not factually supported is insufficient to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Woodland's complaint provides sufficient facts to state a claim for relief.  In support of his motion to dismiss Fischer has introduced additional facts in his affidavit that are outside the factual pleadings in the complaint.  He asserts that his boat was not at the facility based on an implied contract for storage but was there for Woodland to make repairs for damage caused by its employees.  When matters outside the

2

pleadings are presented in a motion to dismiss, if they are not excluded by the court, the motion must be treated as a motion for summary judgment and the parties must be given a reasonable opportunity to present all the material pertinent to the motion. Fed. R. Civ. P. 12(d). Because Woodland should be allowed to conduct discovery to test Fischer's position it is not appropriate to determine the issue based on the present filings. Nor are the present filings in the form required by the Court's Local Rule 4.01. As a result, I will deny Fischer's motion to dismiss without prejudice. The parties will be allowed to conduct discovery regarding Fischer's position. If the parties cannot agree as to the status of Fischer's boat at the facility, and if the material facts are undisputed, either party may then file a motion for summary judgment which complies with the Court's Local Rules, including submitting a statement of undisputed material facts.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Richard Fischer's motion to dismiss [65] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2021.