IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GIBSON MARINA, INC. d/b/a WOODLAND MARINA, | ) ) ) | |
| Plaintiff, | ) ) | Cause No. 4:20-cv-01576-RWS |
| v. | ) ) | |
| KELLY BOLAND, et al., | ) ) | |
| Defendants. | ) ) | |

## **AMENDED COUNTERCLAIM**

Defendants Mark Smith, Gregory Edwards, Chelsea Deichmann, Steve Holderer, Grant Czpala, Michael Reidy, Kyle Montaigne and Steven Untneker as and for their counterclaim against Plaintiff Gibson Marina, Inc. d/b/a Woodland Marina state and allege as follows:

## **PARTIES**

1.      Plaintiff Gibson Marina, Inc. d/b/a Woodland Marina ("the Marina") is a dry stack vessel storage and servicing company existing pursuant to the laws of Missouri, with its principal place of the business in St. Charles County, Missouri.

2.      Defendants Mark Smith, Gregory Edwards, Chelsea Deichmann, Steve Holderer, Grant Czpala, Michael Reidy, Kyle Montaigne and Steven Untneker (collectively referred to herein as "the Counterclaim Plaintiffs") are residents of Missouri and dry stored their respective vessels with the Marina in St. Charles County, Missouri, allegedly pursuant to contractual agreements ("the Agreement").

**JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to its original jurisdiction over any civil case of admiralty or maritime jurisdiction pursuant to 28 U.S.C.A. & 1333 because the subject matter of the alleged Agreement is maritime in nature rendering the alleged Agreement a maritime contract.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C §1391(b)(1) because the Defendants are residents of a county within this district, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred within this district.

**FACTS**

5.     Defendant Mark Smith owned a 2005 Crownline 240 EX Deck Boat (JTC60357D505), which at all relevant times herein was dry stored at the Marina.

6.     Defendant Gregory Edwards owned a 2006 Rinker 232 Captiva (RNK79947G506), which at all relevant times herein was dry stored at the Marina.

7.     Defendant Chelsea Deichmann owned a 1999 Chaparral 200/205 LE (FGB80863G899), which at all relevant times herein was dry stored at the Marina.

8.     Defendant Steve Holderer owned a G3 BO Elite 326 C (GEN07827L314), which at all relevant times herein was dry stored at the Marina.

9.     Defendant Grant Czapla owned a 1993 Celebrity 180 Status (C1C13143A292), which at all relevant times herein was dry stored at the Marina.

10.     Defendant Michael Reidy owned a 2007 Azure Boat model AZ 258 (ETW92182K607), which at all relevant times herein was dry stored at the Marina.

11.     Defendant Steven Untneker owned a 1994 Profile Custom Boat model 29 VEE (PJY30180F394), which at all relevant times herein was dry stored at the Marina.

12.     Defendant Kyle Montaigne owned a 2012 Sea Ray 205 Sport Boat which at all relevant times herein was dry stored at the Marina.

13.     That on or about October 7, 2020, the Marina undertook the repair of a vessel owned by Hoangfong Pham ("Pham"), which was also dry stored at the Marina.

14.     Specifically, the Marina's employee, Bruce Dudley ("Dudley"), engaged in repairs of the Pham vessel, while it was still on the rack with the Counterclaim Plaintiffs' aforementioned vessels.

15.     Said work was done in the course and scope of Dudley's employment with the Marina.

16.     The Pham vessel had a fuel leak and inoperative bilge pump.

17.     Upon information and belief, Dudley was advised by another employee of the Marina that he was not allowed to work on a vessel while it was still on the rack, but Dudley continued to undertake the work on the rack.

18.     Upon information and belief, Dudley was testing the operation of the bilge pump with the remote float switch by touching the conductors together creating an electrical spark and/or electrical activity.

19.     Dudley's actions ignited a fire aboard the Pham vessel.

20.     Dudley attempted to extinguish the fire with a fire extinguisher, and then left the Pham vessel to clean up. Upon his return to the Pham vessel, it was fully engulfed in flames.

21.     The fire quickly spread to the neighboring vessels, including the Counterclaim Plaintiffs' vessels described hereinabove, destroying them.

22.     As a result of the fire, the Counterclaim Plaintiffs suffered damages to the vessels and personal property contained within the vessels in amount in excess of $75,000.00.

## NEGLIGENCE

23.     The Counterclaim Plaintiffs incorporate by reference paragraphs 1-21 as if more fully set forth herein.

24.     At all relevant times hereto, the Marina had a duty to use the highest degree of care when performing work in the vicinity of the Counterclaim Plaintiffs' vessels.

25.     The Marina, by and through its employee Dudley, failed in this duty in one or more of the following ways:

    a.   Failing to use care when performing work in and around a fuel leak;

    b.   Failing to abide by the Marina's own policies of not performing repairs on a vessel in the dry storage rack;

    c.   Failing to follow the proper safety protocols when responding to a fire; and

    d.   Otherwise failing to exercise the requisite standard of care, and;

    e.   Acting with willful and wanton disregard for the safety of others.

26.     As a direct and proximate result of the above acts and/or omissions, the Counterclaim Plaintiffs suffered damages in excess of $75,000.00.

WHEREFORE Counterclaim Plaintiffs Mark Smith, Gregory Edwards, Chelsea Deichmann, Steve Holderer, Grant Czpala, Michael Reidy, Kyle Montaigne and Steven Untneker pray for judgment against Plaintiff Gibson Marina, Inc. d/b/a Woodland Marina for a sum in excess of $75,000.00, costs of the litigation, attorneys' fees, pre- and post-judgment interest and for all such further relief as the Court deems just and equitable.

## COUNT II – GROSS NEGLIGENCE

27.     The Counterclaim Plaintiffs incorporate by reference paragraphs 1-25 as if more fully set forth herein.

28.     The conduct of the Marina's employee as set forth above was done when he knew or should have known that his conduct had a high probability of causing injury to Counterclaim Plaintiffs' property and therefore constituted reckless conduct or gross negligence.

29.     As a direct result of the Marina's employees reckless conduct and gross negligence, Counterclaim Plaintiffs sustained damage to their personal property in an amount exceeding $75,000 exclusive of interest and costs.

WHEREFORE Counterclaim Plaintiffs Mark Smith, Gregory Edwards, Chelsea Deichmann, Steve Holderer, Grant Czpala, Michael Reidy, Kyle Montaigne and Steven Untneker pray for judgment against Plaintiff Gibson Marina, Inc. d/b/a Woodland Marina for a sum in excess of $75,000.00, costs of the litigation, attorneys' fees, pre- and post-judgment interest and for all such further relief as the Court deems just and equitable.

**/s/ James A. Wilke**
James A. Wilke #51242MO
Kent W. Zschoche #52060MO
Attorneys for Defendant
WILKE & WILKE, P.C.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

Christopher A. Abel
(admitted pro hac vice)
Jeanne E. Noonan
(admitted pro hac vice)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:     757.628.5500
Facsimile:     757.628.5566
cabel@wilsav.com
jnoonan@wilsav.com
Counsel for Defendant Grant Czapla

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on May 5, 2021 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Stanislav Levchinsky
Theodore H. Lucas
One Memorial Drive, Suite 1200
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

Philip C. Graham
Zachary S. Merkle
Attorneys at Law
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
ATTORNEYS FOR DEFENDANTS KELLY BOLAND, JOHN FRATTINI,
STEVEN FUHRMAN

Christopher M. Harper
Courtney C. Stirrat
Attorneys at Law
8900 Ward Parkway
Kansas City, MO 64114
ATTORNEYS FOR DEFENDANT RICHARD DENNING, CHRIS GOLTERMAN,
HENRY HEDGES, DEBBIE KOEPKE, DIANE PACE, PEGGY STOCKSICK

Michael D. Stokes
Attorney at Law
133 S. 11th Street, Suite 350
St. Louis, MO 63102
ATTORNEY FOR DEFENDANT RICHARD FISCHER, HOANGFONG PHAM,
SEAN STANCLIFF, MIKE WENDLING

To the best of my knowledge, there are no parties or attorneys who have appeared in this case who require service by U.S. Mail.

                                        **/s/ James A. Wilke**